IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATO INSTITUTE,** <br> 1000 Massachusetts Avenue <br> Washington, DC 20001 <br><br> **Plaintiff,** <br><br> v. <br><br> **U.S. DEPARTMENT OF DEFENSE,** <br> 1155 Defense Pentagon <br> Washington, DC 20301 <br><br> **U.S. DEPARTMENT OF THE AIR FORCE,** <br> 1670 Air Force Pentagon <br> Washington, D.C. 20330-1670 <br><br> **U.S. DEPARTMENT OF THE NAVY,** <br> 1000 Navy Pentagon <br> Washington, D.C. 20350-1000 <br><br> **U.S. MARINE CORPS,** <br> 3000 Marine Corps Pentagon Rm 2B289 <br> Washington, D.C. 20350 <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

1. Plaintiff, CATO INSTITUTE, files this Freedom of Information Act suit to force Defendants U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF THE AIR FORCE, U.S. DEPARTMENT OF THE NAVY, and U.S. MARINE CORPS to produce records related to Department of Defense Directive 5200.27. Directive 5200.27 establishes the Defense Investigative Program's "general policy, limitations, procedures, and operational guidance regarding collecting, processing, storing, and disseminating information concerning persons or organizations not affiliated with the Department of Defense." *DoDD 5200.27,* January 7, 1980.

## PARTIES

2. Plaintiff CATO INSTITUTE is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets, and peace. Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues.

3. Defendant DEPARTMENT OF DEFENSE ("DOD") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S. DEPARTMENT OF THE AIR FORCE ("AIR FORCE") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552. DOD is the parent agency of the AIR FORCE.

5. Defendant U.S. DEPARTMENT OF THE NAVY ("DON") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552. DOD is the parent agency of DON.

6. Defendant U.S. MARINE CORPS ("USMC") is a federal agency, a component of DON, and subject to the Freedom of Information Act, 5 U.S.C. § 552. DOD is the parent agency of USMC.

## JURISDICTION AND VENUE

7. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

8. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## JULY 18, 2019, FOIA REQUEST TO THE AIR FORCE

9. On July 18, 2019, CATO INSTITUTE submitted the following FOIA request to the AIR FORCE: "I request copies of any records from any United States Air Force component

pursuant to DoD Directive 5200.27, 'Acquisition of Information Concerning Persons and Organizations not Affiliated with the Department of Defense,' between September 18, 2007 and the date of this request." Exhibit 1.

10. CATO INSTITUTE also requested a fee waiver and expedited processing. *Id.*

11. On July 18, 2019, the AIR FORCE acknowledged receipt of the request and assigned reference number 2019-04362-F to the matter. Exhibit 2.

12. On September 20, 2019, the AIR FORCE stated that there are "no records" responsive to the request because "records that may contain information on individuals not affiliated with the Department of Defense are not reasonably maintained by any Air Force entity in a form or format that can be searched by reference to 'Acquisition of Information Concerning Persons and Organizations not Affiliated with the Department of Defense' or similar title." Exhibit 3.

13. Further, the AIR FORCE explained that in a case "in which an Air Force criminal investigative organization or other Air Force organization collected information on such an individual, the information would usually be maintained under the name of a particular individual/subject or, possibly, with reference to the crime that occurred where the Air Force has jurisdiction to investigate and prosecute." *Id.*

14. The AIR FORCE claimed that "every Air Force criminal investigative file or similar file maintained at all Air Force installations world-wide would have to be searched in order to determine whether there was any information in the file associated with a non-DoD affiliated person, such as someone who was a witness in a courts-martial or criminal investigation of a military member." *Id.*

15. The AIR FORCE also stated that the request is "too vague and broad to adequately target a search to a particular individual who is not affiliated with the Department of Defense." *Id.*

16. On October 30, 2019, CATO INSTITUTE appealed the denial. Exhibit 4.

17. The AIR FORCE never acknowledged receipt of the appeal and never issued a response to the appeal.

18. CATO INSTITUTE's October 30, 2019 request was reasonably described.

19. The Air Force Policy Directive 71-1 implements many Department of Defense Directives, including DoD Directive 5200.27.

20. Section 2.4 of the Air Force Policy Directive 71-1 clearly states that the Air Force shall "[c]onduct, manage, and coordinate a counterintelligence (CI) awareness and briefing program." Exhibit 5.

21. The surveillance activities that are authorized in DoD Directive 5200.27 are broadly considered as "counterintelligence," which are "activities designed to prevent or thwart spying, intelligence gathering, and sabotage by an enemy or other foreign entity." U.S. Naval War College, *Counterintelligence: U.S. Air Force,* https://usnwc.libguides.com/c.php?g=661096&p=4679142 (last accessed on Apr. 19, 2021).

22. The AIR FORCE maintains records or information, such as counterintelligence products or reports, from surveilling "persons or organizations not affiliated with the Department of Defense" pursuant to DoD Directive 5200.27. Exhibit 3 at 2 (mentioning the Air Force's investigation into Devin Kelley, who was not affiliated with the DoD in November 2017).

23. Upon information and belief, various AIR FORCE systems, including, but not limited to, Serious Incident Reports (F031 AF SP J) and Counterintelligence Operations and

Collection Records (F071 AF OSI A), are potential systems that maintain and retain records potentially responsive to the request. Defense Privacy, Civil Liberties, and Transparency Division, U.S. Department of Defense, Department of the Air Force, *F031 AF SP J,* https://dpcld.defense.gov/Privacy/SORNsIndex/DOD-wide-SORN-Article-View/Article/569722/f031-af-sp-j/ (last accessed on Apr. 19, 2021); Defense Privacy, Civil Liberties, and Transparency Division, U.S. Department of Defense, Department of the Air Force, *F071 AF OSI A*, https://dpcld.defense.gov/Privacy/SORNsIndex/DOD-wide-SORN-Article-View/Article/569918/f071-af-osi-a/ (last accessed on Apr. 19, 2021).

24. The AIR FORCE, however, has not searched any of the systems or locations that may have records responsive to the request; instead, it stated that the request is not "reasonably described."

25. The AIR FORCE has not conducted a reasonable search to locate records responsive to the request.

26. As of the date of this filing, the AIR FORCE has not complied with FOIA and has produced no records responsive to the request.

**OCTOBER 30, 2019, FOIA REQUEST TO DON**

27. On October 30, 2019, CATO INSTITUTE submitted the following FOIA request to DON: "I request copies of any records from any Navy component pursuant to DoD Directive 5200.27, 'Acquisition of Information Concerning Persons and Organizations not Affiliated with the Department of Defense,' between September 18, 2007 and the date of this request." Exhibit 6.

28. CATO INSTITUTE also requested a fee waiver and expedited processing. *Id.*

29. DON assigned reference number DON-NAVY-2020-000995 to the matter.

30. On December 18, 2019, DON stated that the request does not "describe the records sought in sufficient detail to enable an employee familiar with the subject area of the request to locate responsive records with a reasonable amount of effort." Exhibit 7.

31. DON further claimed that it contacted Naval Criminal Investigative Services ("NCIS") and they advised that they are "unable to conduct a search due to the overly broad nature" of the request. *Id.*

32. DON included that it is "unable to determine which office(s) would be likely to maintain responsive records" and will not "proceed further with [the] request until [DON] receive[s] additional information." *Id.*

33. On January 9, 2020, CATO INSTITUTE appealed DON's determination. Exhibit 8.

34. In the appeal letter, CATO INSTITUTE argued that "the Navy, as a DoD component, must both comply with and file reports, records and other responsive documents under DoD Directive 5200.27." *Id.*

35. On January 14, 2020, DON acknowledged receipt of the appeal. Exhibit 9.

36. In that email, DON stated that it is "looking for ways to assist" CATO INSTITUTE in getting the information and will have "a few more individuals look at the directive again to see what other offices that are required to report [t]his information that [DON] can check rather than NCIS." *Id.*

37. On January 14, 2020, CATO INSTITUTE informed DON that "the Navy has IT systems (manual and digital) that absolutely can be searched simply utilizing the DoD Directive number, title, etc." Exhibit 10.

38. DON never issued a response to the appeal.

39. CATO INSTITUTE's October 30, 2019 request was reasonably described.

40. SECNAV Instruction 5000.34G establishes "policy and assign responsibility for the oversight and management of intelligence activities, intelligence related activities, Special Access Programs (SAPs) and sensitive activities within the Department of the Navy." Exhibit 11.

41. SECNAV Instruction 5000.34G Section 11(a) further states that "[r]ecords created as a result of this instruction, regardless of format or media, must be maintained and dispositioned according to the records disposition schedules found on the Directives and Records Management Division (DRMD)." *Id.*

42. According to SECNAV Instruction 5000.34G Section 9, various components of or review authorities within DON, such as Sensitive Activities Oversight Committee (SAOC), Special Programs Review Group (SPRG), and Sensitive Activities Review Group (SARG), are the likely custodians of records potentially responsive to the request. *Id.*

43. DON, however, has not searched the above-mentioned components or authorities.

44. DON has not conducted an adequate search for records responsive to the request; instead, DON indicated that it simply forwarded the request to NCIS, who then stated that the request is "too broad in nature."

45. As of the date of this filing, DON has not complied with FOIA and has produced no records responsive to the request.

### OCTOBER 30, 2019, FOIA REQUEST TO USMC

46. On October 30, 2019, CATO INSTITUTE submitted the following FOIA request to USMC: "I request copies of any records from any United States Marine Corps component pursuant to DoD Directive 5200.27, 'Acquisition of Information Concerning Persons and

Organizations not Affiliated with the Department of Defense,' between September 18, 2007 and the date of this request." Exhibit 12.

47. CATO INSTITUTE also requested a fee waiver and expedited processing. *Id.*

48. On November 8, 2019, USMC acknowledged receipt of the request and assigned reference number DON-USMC-2020-001001 to the matter. Exhibit 13.

49. In that letter, USMC explained that on November 5, 2019, it had advised CATO INSTITUTE that the request was too broad to be considered "perfected" and attempted to assist Plaintiff by suggesting narrowing the scope of the search to "records maintained by the Intelligence Division." USMC concluded that because Plaintiff denied such suggestion, it will "close the request without further action." *Id.*

50. On November 20, 2019, CATO INSTITUTE appealed the determination. Exhibit 14.

51. Upon receipt of the request, DON, as USMC's parent agency and appeal adjudication authority, assigned reference number FOIA APPEAL DON-NAVY-2020-001961 to the appeal.

52. On November 26, 2019, DON affirmed USMC's denial. Exhibit 15.

53. DON stated that the request for "any and all" Marine Corps records "is too broad as it lacks specificity and does not reasonably describe where to conduct the search." *Id.*

54. DON further claimed that Plaintiff's refusal to restrict the search to the Intelligence Division and insistence on searching every Marine Corps component would "result in thousands of searches being conduct by components of the Marine Corps that clearly would not have such information." *Id.*

55. CATO INSTITUTE's October 30, 2019 request was reasonably described.

56. Combat Center Order 3800.1C establishes "policies, procedures, and responsibilities governing the collection, retention, dissemination, inspection, and reporting of information concerning U.S. persons, by any personnel or organization operationally or administratively controlled by the Commanding General (CG), Marine Air Ground Task Force Training Command (MAGTFTC), Marine Corps Air Ground Combat Center (MCAGCFC)." Exhibit 16.

57. Combat Center Order 3800.1C Section b(1)(d) makes it clear that Commanding officers, Assistant Chiefs of Staff, Division Directors, Officers-in-Charge, and Special Staff Officers are required to submit "for CG approval, any intelligence activity that may collect, retain, disseminate, or report information concerning U.S. persons, to the Senior Intelligence Officer (SIO), via the MAGTFTC, MCAGCC, and Intelligence Oversight Officer." *Id.*

58. Combat Center Order 3800.1C further identifies components and organizations within USMC that may be custodians of records potentially responsive to the request: Sensitive Compartmented Information Facility, Special Intelligence Communication Center, and the Intelligence Oversight Program. *Id.*

59. DON, however, has not searched the above-mentioned components or authorities.

60. DON has not conducted an adequate search for records responsive to the request.

61. As of the date of this filing, USMC and DON have not complied with FOIA and have produced no records responsive to the request.

**COUNT I – JULY 18, 2019, FOIA REQUEST TO THE AIR FORCE,
AIR FORCE'S VIOLATION OF FOIA – FAILURE TO PRODUCE RECORDS**

62. The above paragraphs are incorporated herein.

63. The AIR FORCE is a component of DOD and a federal agency subject to FOIA.

64. The requested records are not exempt under FOIA.

65. The AIR FORCE has refused to produce the requested records in a timely manner.

### COUNT II – JULY 18, 2019, FOIA REQUEST TO THE AIR FORCE, AIR FORCE'S FOIA VIOLATION – FAILURE TO CONDUCT A REASONABLE SEARCH

66. The above paragraphs are incorporated herein.

67. The AIR FORCE is a component of DOD and a federal agency subject to FOIA.

68. The requested records are not exempt under FOIA.

69. The AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

### COUNT III – OCTOBER 30, 2019, FOIA REQUEST TO DON, DON'S FOIA VIOLATION – FAILURE TO PRODUCE RECORDS

70. The above paragraphs are incorporated herein.

71. DON is a component of DOD and a federal agency subject to FOIA.

72. The requested records are not exempt under FOIA.

73. DON has refused to produce the requested records in a timely manner.

### COUNT IV – OCTOBER 30, 2019, FOIA REQUEST TO DON, DON'S FOIA VIOLATION – FAILURE TO CONDUCT A REASONABLE SEARCH

74. The above paragraphs are incorporated herein.

75. DON is a component of DOD and a federal agency subject to FOIA.

76. The requested records are not exempt under FOIA.

77. DON has failed to conduct a reasonable search for records responsive to the request.

### COUNT V – OCTOBER 30, 2019, FOIA REQUEST TO USMC, USMC'S FOIA VIOLATION – FAILURE TO PRODUCE RECORDS

78. The above paragraphs are incorporated herein.

79. USMC is a component of DOD and a federal agency subject to FOIA.

80. The requested records are not exempt under FOIA.

81. USMC has refused to produce the requested records in a timely manner.

**COUNT VI – OCTOBER 30, 2019, FOIA REQUEST TO USMC,
USMC'S FOIA VIOLATION – FAILURE TO CONDUCT A REASONABLE SEARCH**

82. The above paragraphs are incorporated herein.

83. USMC is a component of DOD and a federal agency subject to FOIA.

84. The requested records are not exempt under FOIA.

85. USMC has failed to conduct a reasonable search for records responsive to the request.

**WHEREFORE,** CATO INSTITUTE asks the Court to:

    i. Declare that Defendants have violated FOIA;

    ii. Order Defendants to conduct a reasonable search for records and to promptly produce all non-exempt requested records;

    iii. Enjoin Defendants from withholding non-exempt public records under FOIA;

    iv. Award Plaintiff attorneys' fees and costs; and

    v. Enter any other relief the Court deems appropriate.

Dated: May 5, 2021

Respectfully Submitted,
*/s/ Joshua Hart Burday*

Attorneys for Plaintiff
CATO INSTITUTE

Matthew Topic, D.C. Bar No. IL0037
Joshua Burday, D.C. Bar No. IL0042
Merrick Wayne, D.C. Bar No. IL0058
(E-Mail: foia@loevy.com)
LOEVY & LOEVY

311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902