UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATO INSTITUTE,<br><br>*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF DEFENSE, *et al.*,<br><br>*Defendants*. | Civil Action No. 21-1223 (JEB) |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Defendants, the U.S. Department of Defense, and its component departments and Service, the Department of the Air Force ("Air Force"), the Department of the Navy ("Navy"), and the United States Marine Corps ("Marine Corps") (collectively, "Defendants"), by and through undersigned counsel, respectfully move pursuant to Federal Rule of Civil Procedure ("Rule") 56 for summary judgment in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") action on the basis that the underlying requests fail to reasonably describe the records sought and thus do not to constitute valid FOIA requests. Because their invalidity can be assessed from the face of the requests, which are recited in the Complaint, this issue can be resolved without resorting to extrinsic evidence.[1] *Am. Ctr. for Law & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 88

---

[1] Courts have resolved such issues based on the FOIA request and without requiring extrinsic evidence. *See Dale v. IRS*, 238 F. Supp. 2d 99, 104-05 (D.D.C. 2002) (noting that request was deficient "on its face"); *Freedom Watch v. CIA*, 895 F. Supp. 2d at 228 ("Freedom Watch's complaint demonstrates on its face that its FOIA requests" are improper); *Borden v. FBI*, 27 F.3d 554, at*1 (1st Cir. 1994) (unpublished) ("[T]he request which plaintiff allegedly presented . . . does not reasonably describe the records sought . . . . [T]he complaint shows on its face that the plaintiff did not present a proper request, we need not consider defendant's remaining arguments[.]" (citations omitted)).

(D.D.C. 2021) (hereinafter, "*American Center*") dismissing Complaint without prejudice on the basis that the FOIA request on its face failed to reasonably describe the records sought).

However, to the extent the Court determines that it requires extrinsic evidence beyond that attached to the Complaint to resolve this issue, this motion is accompanied by the declarations of Lieutenant Alyssa Degner-Lopez and Roxanne M. Jensen, which add further context for the Court's consideration, including Defendants' pre-lawsuit notification to Plaintiff that the requests failed to reasonably describe the records sought and an explanation as to why the requests are not sufficiently descriptive to constitute valid FOIA requests.

## FACTS

The three requests at issue are all similarly worded and all seek "any" records" of the applicable component or Service "pursuant to" Department of Defense Directive 5200.27. That directive establishes the Defense Investigative Program's general policies and operational guidance pertaining to the collecting, processing, storing, and disseminating of information concerning persons and organizations not affiliated with the Department of Defense. (Jensen Decl., Ex. 2) This directive provides guidance to any Department of Defense office in the world that may deal with issues to which the guidance in the Directive may be applicable. (Jensen Decl. ¶ 4) The directive does not indicate that it creates a labeling or filing system, nor does it require that information on the activities discussed be labeled with the instruction number. (Degner-Lopez Decl. ¶ 18) Instead, the directive is more akin to the Department of Defense's Privacy Act instruction which discusses the kind of information that would be subject to the Privacy Act and the handling of such information, but would not generate records searchable at one central place, nor by any particular search term. (*Id.*)

The Air Force received from Plaintiff a request dated July 18, 2019, seeking "[c]opies of any records from any United States Air Force component pursuant to DoD Directive 5200.27, 'Acquisition of Information Concerning Persons and Organizations not affiliated with the Department of Defense,' between September 18, 2007 and the date of this request." (Compl. ¶ 9; Ex. 1 to Jensen Decl.)  A similarly-worded request dated October 30, 2019, was submitted by Plaintiff to the Department of Navy, seeking "copies of any records from any Navy component pursuant to DoD Directive 5200.27, 'Acquisition of Information Concerning Persons and Organizations not Affiliated with the Department of Defense[.]'" (Compl. ¶ 27; Ex. 6 to Degner-Lopez Decl.)  And Plaintiff submitted a FOIA request dated October 30, 2019 to Headquarters, Marine Corps, seeking "copies of any records from any United States Marine Corps component pursuant to DoD Directive 5200.27, Acquisition of Information Concerning Persons and Organizations not Affiliated with the Department of Defense," between September 18, 2007 and the date of this request." (Compl. ¶ 46; Ex. 1 to Degner-Lopez Decl.)

By letter dated September 20, 2019, the Air Force advised the request or that the request was "too vague and broad to adequately target a search to a particular individual who is not affiliated with the Department of Defense." (Jensen Decl. Ex. 3)  The letter further explained that:

> records that may contain information on individuals not affiliated with the Department of Defense are not reasonably maintained by any Air Force entity in a form or format that can be searched by reference to "Acquisition of Information Concerning Persons and Organizations not Affiliated with the Department of Defense" or similar title.  Rather, in a case in which an Air Force criminal investigative organization or other Air Force organization collected information on such an individual, the information would usually be maintained under the name of a particular individual/subject or, possibly, with reference to the crime that occurred where the Air Force has jurisdiction to investigate and prosecute.
>
> Accordingly, every Air Force criminal investigative file or similar file maintained at all Air Force installations world-wide would have to be searched in order to determine whether there was any information in the file associated with a non-DoD affiliated person, such as someone who was a witness in a courts-martial or criminal

3

        investigation of a military member.  The FOIA and DoD FOIA regulations do not
        require such a search to be conducted.  Further, your request is too vague and broad
        to adequately target a search to a particular individual who is not affiliated with the
        Department of Defense.

(*Id*.)  Plaintiff appealed this response and alleges that the Air Force never adjudicated the administrative appeal.  (Compl. ¶ 17)

      The Navy and Marine Corps also advised Plaintiff that the request failed to reasonably describe the requests sought so as to allow for a search to be formulated to locate responsive records.  On November 5, 2019, the Marine Corps notified Plaintiff by email that it had received the request and did not believe the request to be perfected because Plaintiff had not reasonably described the records he sought.  (Degner-Lopez Decl. Ex. 2)   After Plaintiff declined to narrow the request in a return email (*id*.), the Marine Corps notified Plaintiff by letter dated November 8, 2019, that the request was not a valid, perfected FOIA request and afforded Plaintiff appeal rights.  (Degner-Lopez Decl. Ex. 3)  Plaintiff's subsequent appeal was denied because the request failed to "reasonably described with sufficient detail" the records sought "to allow an agency employee familiar with the subject area of the request to locate the records with a reasonable amount of effort."  (Degner-Lopez Decl. Ex. 4 at 1-2)

      Regarding the request to the Navy, the Navy similarly responded by letter dated December 18, 2019, that the request failed to comply with the applicable FOIA regulations, which require that a request reasonably describe the records sought.  (Ex. 7 to Degner-Lopez Decl., citing 32 C.F.R. 701.8(a)(1)[2]).  Plaintiff appealed that determination but alleges that it never received a response prior to the filing of this lawsuit.  (Compl. ¶¶ 34, 38)

---

[2]    Following the FOIA Improvement Act of 2016, the Department of Defense revised its FOIA regulation, removing the requirement for component supplementary rules. The Department of Defense now has one DoD-level rule for the FOIA program at 32 CFR part 286 that contains

Plaintiff initiated this action on May 5, 2021, and, after obtaining an extension, Defendants answered the Complaint on July 20, 2021. In a status report dated October 28, 2022, the parties reported that they "have exhausted efforts to resolve their dispute regarding whether the request reasonably describes the requested records" and, "having reached an impasse in their discussions," jointly proposed the filing of cross-motions for summary judgment "addressed to the question of whether the requests at issue reasonably describe the records sought and otherwise are valid FOIA requests to which a response is required." (ECF No. 29)[3]

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and the evidence demonstrate that there "is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial responsibility of showing an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding whether a genuine issue of material fact exists, the Court must make all inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. *Celotex*, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50.

---

all the codified information required for the Department. Consequently, individual component's FOIA rules were removed from the Code of Federal Regulations but still provided internal guidance at the component level. *See* 83 Fed. Reg. 37,433 (Aug. 1, 2018)

[3]  Given the agreed-upon limited scope of the cross-motions for summary judgment, Defendants reserve all rights to assert applicable FOIA exemptions in the event the Court determines that the requests are valid requests that Defendants must process under FOIA.

## ARGUMENT

Plaintiff's FOIA requests are improper because they fail to reasonably describe the records sought. As such, the requests are not valid and do not trigger any obligation on the part of the agency to respond. *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002). The failure to submit a valid request, moreover, constitutes a failure to exhaust administrative remedies, warranting dismissal of any action premised on an invalid request. *Id.*; *see also Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 114-15 (D.D.C. 2011); *Macleod v. Dep't of Homeland Sec.*, Civ. A. No. 15-1792, 2017 U.S. Dist. LEXIS 153651, at *16 (D.D.C. Sept. 21, 2017); *Hall v. Dep't of Just.*, 273 F. Supp. 3d 77, 84 (D.D.C. 2017).

FOIA sets forth two specific requirements for a valid request: that the request (i) "reasonably" describe the records sought and (ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *Dale*, 238 F. Supp. 2d at 103. The obligation to process a request only begins upon receipt of a valid request; that is, one that satisfies these two requirements. *Dale*, 238 F. Supp. 2d at 103.

If a request fails to reasonably describe the records sought, an agency "need not honor [the] request," and instead "can decline to process the request." *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020) (internal quotation marks omitted); *see also Ctr. for the Study of Servs. v. Dep't of Health & Human Servs.*, 874 F.3d 287, 288 (D.C. Cir. 2017) (a request "triggers the agency's obligation to search for and disclose all responsive records" only if it reasonably describes the records). An agency must read a request "as drafted, not as either agency officials or the requester might wish it was drafted." *Nat'l Sec. Couns.*, 969 F.3d at 410.

In determining whether a request reasonably describes the records sought, "[t]he linchpin inquiry is whether the agency is able to determine precisely what records are being requested."

*Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (cleaned up). A request satisfies this standard only where "a professional employee of the agency who was familiar with the subject area of the request [could] locate the record[s] with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990). An agency need not "speculate about" which records a FOIA request seeks, *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996), and "broad, sweeping requests lacking specificity are not sufficient," *SAI v. Transp. Sec. Admin.*, 315 F. Supp. 3d 218, 248 (D.D.C. 2018) (cleaned up). "FOIA envisions that applicants will reasonably describe the records they seek, and agencies are entitled to demand it." *Am. Ctr.*, 573 F. Supp. 3d at 88.

The requirement that a request "reasonably" describe the records sought, moreover, is set forth in the published regulations applicable to requests to Department of Defense components. Pursuant to those regulations, a requester "must reasonably describe the records sought and provide sufficient detail to enable personnel to locate those records with a reasonable amount of effort." *See* 32 C.F.R. § 286.5(a).

For instance, in *Sai*, the court held that a request for "'*[a]ll* TSA policy and/or procedures documents' that were 'not already' available through the agency's electronic reading room, 'including both old [and] current versions' of those documents" was impermissibly broad and did not impose an obligation on the agency to respond. *Sai,* 315 F. Supp. 3d at 248-49. The court had "little doubt" that the request "did not 'reasonably describe' a class of documents subject to disclosure." *Id*.

Similarly, in *Freedom Watch v. Department of State*, 925 F. Supp. 2d 55 (D.D.C. 2013), the court deemed the requests at issue "invalid *ab initio*" for failing to identify the documents sought with "any modicum of specificity" or "identifiable limitation." *Id*. at 61-62. The requests sought, among other things, "'[a]ny and all communications between the office of Secretary of

7

State Hillary Clinton and the office of Secretary of the Treasury Timothy Geithner,' 'the office of Secretary of State Hillary Clinton and the White House,' and 'the office of Secretary of Treasury Timothy Geithner and the White House.'" *Id*. at 62. The court concluded that the requests violated the "'reasonably describes'" standard of FOIA, as well as the agency's FOIA regulations which incorporated that standard, and thus were "infirm from the beginning." *Id*. at 60 n.1, 62. The court also rejected the plaintiff's attempt to belatedly narrow the scope of its request to avoid dismissal. *Id.* at 62.

Other courts have reached a similar conclusion in analogous circumstances. *See, e.g., Sack v. CIA*, 53 F. Supp. 3d 154, 163 (D.D.C. 2014); (concluding that agency was not required to conduct a search for a request for all records that "pertain[] in whole or in part (all years, all classifications)" to a list of closed Inspector General reports because it lacked clarity and was overbroad); *Moore v. FBI*, 883 F. Supp. 2d 155, 163 (D.D.C. 2012) (finding that a request for "information to make easier to locate consciousness- altering technology, or behavioral modification techniques, information regarding the program" was "not reasonably descriptive to trigger the CIA's disclosure obligations."); *Dale*, 238 F. Supp. 2d at 104-05 (holding that a request for "any and all documents, including but not limited to files, that refer or relate in any way to" the plaintiff "amounted to an all-encompassing fishing expedition of files at IRS offices across the country," warranting dismissal); *Hall*, 273 F. Supp. 3d at 84 (finding insufficiently descriptive a request for "'all phone records in the possession of the Federal Bureau of Prisons'").

"[I]t is the requestor's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 WL 123924 (D.C.

Cir. Aug. 13, 1990) (per curiam) (citation omitted). Thus, "[b]road, sweeping requests lacking specificity are not sufficient." *Sack,* 53 F. Supp. 3d at 163; *see also Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978) (courts have "held that broad, sweeping requests lacking specificity are not permissible" (collecting cases)); *Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (per curiam) (holding request inadequately identified records where plaintiffs sought "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs . . . , including, but not limited to, the files of (various government offices)."); *Hainey v. Dep't of Interior*, 925 F. Supp. 2d 34, 45 (D.D.C. 2013) (holding it unreasonably burdensome to require the search and review of every email sent or received by 25 different employees over the course of two years).

Overbroad and unreasonably burdensome requests are invalid because "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives*, 720 F. Supp. at 219. Nor was FOIA intended to allow requesters to conduct a "fishing expedition" through agency files. *Dale*, 238 F. Supp. 2d at 104-05. This limitation protects the ability of federal agencies to prioritize their resources notwithstanding any obligation to provide access to records under FOIA. *See, e.g.*, *Int'l Counsel Bureau v. Dep't of Def.*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010). Ultimately, "[a]n agency need not honor a request that requires 'an unreasonably burdensome search.'" *Am. Fed'n of Gov't Emps. v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990); *see also Freedom Watch v. State*, 925 F. Supp. 2d 55, 62-63 (D.D.C. 2013) (dismissing complaint where overbroad requests were "infirm from the beginning" regardless of defendants' response to the requests). "The upshot is that, when the request as drafted would require an agency to undertake an unreasonably burdensome search, the agency can decline to process the request." *Nat'l Sec. Counselors v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020).

Here, Plaintiff's FOIA requests failed to reasonably describe the records sought for several reasons. First, the Directive referenced in the request establishes general policies and operational guidance pertaining to the collecting, processing, storing, and disseminating of information concerning persons and organizations not affiliated with the Department of Defense, but would not generate records searchable at one central place, nor by any particular search term such as the directive number. (Degner-Lopez Decl. ¶ 18; Jensen Decl. ¶¶ 4-6) Second, by requesting "any" record from "any" Air Force, Navy or Marine Corps component "pursuant to" the Directive, the request as drafted would require FOIA staff to potentially search the entirety of these military institutions, which have a worldwide reach, for "any" document that could be impacted in any way by this guidance. Collectively, the generalized nature of the referenced Directive, combined with the broad language of the request, precludes the formulation of a reasonable search for responsive records. (Degner Lopez Decl. ¶¶ 20-24; Jensen Decl. ¶ 5).

As explained in the Degner-Lopez declaration, the request is analogous to a request for any records from any of these components "pursuant to" the Privacy Act, which could encompass an unlimited number of potentially responsive records in any number of locations within an agency. For the same reason such a request would be improper, the requests here are likewise deficient.

The requests, moreover, improperly would require the agency to make a judgment call as to whether a record was "pursuant to" the Directive. "Pursuant" means "in carrying out," "in conformity with" or "according to." *See* Miriam Webster Dictionary, https://www.merriam-webster.com/dictionary/pursuant%20to#:~:text=%3A%20in%20carrying%20out%20%3A%20in %20conformity%20with%20%3A%20according%20 (last visited Nov. 21, 2022). The term is thus not self-limiting but is subject to interpretation and might require an understanding of surrounding context or circumstance to apply. *See Greenpeace, Inc. v. Dep't of Homeland Sec.*,

311 F. Supp. 3d 110, 133 (D.D.C. 2018) ("FOIA does not, however, require agencies to . . . conduct research" (cleaned up)); *Hall & Assocs. v. EPA*, 83 F. Supp. 3d 92, 102 (D.D.C. 2015) ("an agency is not required to . . . conduct research in response to a FOIA request"), *aff'd*, 2018 WL 1896493, at *2 (D.C. Cir. Apr. 9, 2018) ("undertak[ing] research, analysis, and formulation of opinions [are] actions not required by FOIA" (citing, among others, *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)). The request also is not limited to any particular types of records, but instead covers all "records" of any type at all. *See Am. Ctr.*, 573 F. Supp. 3d at 86 (request failed to reasonably describe records sought because among other things, it was "not at all limited to certain [types of] records").

Plaintiff no doubt will emphasize Defendants' duty to construe its request liberally. But FOIA imposes a duty on a requester, as well—namely, to make clear "precisely" which records it seeks. *Inst. for Just. v. IRS*, 941 F.3d 567, 572 (D.C. Cir. 2019) (cleaned up). An agency's duty to construe a request liberally does not excuse a requester from satisfying its own duty to reasonably describe the records that it seeks. *Id.* Plaintiff's request notably is fraught with not merely one ambiguity, but rather numerous overlapping ambiguities ("any record" from "any" component "pursuant to" the Directive), each one expanding and obscuring the requests' scope. Any one of these ambiguities alone would prevent a reasonable FOIA processor from ascertaining precisely which records Plaintiff seeks. The combination merely exacerbates this fatal defect.

FOIA does not require Defendants to guess blindly what the Plaintiff really means. To the contrary, "when Congress enacted FOIA it sought a 'workable balance' between disclosure and other governmental interests." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019) (rejecting "policy argument about the benefits of broad disclosure"). Indeed, each of FOIA's statutory provisions, including the requirement that a request reasonably describe the

records sought, is "as much a part of [FOIA's] purpose[s and policies] as the [statute's disclosure] requirement. So, just as we cannot properly expand [on a FOIA statutory provision] beyond what its terms permit, we cannot arbitrarily constrict it either by adding limitations found nowhere in its terms." *Id.* (internal citations omitted). Moreover, this case does not involve an unsophisticated requester that made a simple mistake.[4]

Rather, the requests here appear to be part of a broader FOIA litigation campaign, and to the extent any solicitude might reasonably be accorded to a non-institutional requester, such accommodation plainly is unwarranted here. "Requesters may not make unreasonable demands of an agency. . . . Despite its seemingly boundless breadth, FOIA still 'protect[s] agencies from undue burdens.' . . . FOIA's requester-friendly fee shifting provisions encourage requesters (particularly nonprofit ones) to submit broader and broader requests with taxpayers picking up the tab. These 'mismatched incentives' only add burdens on agencies, and requesters often leverage those burdens." *Ctr. for Immigr. Stud. v. U.S. Citizenship & Immigr. Servs.*, Civ. A. No. 22-0117 (TNM), 2022 WL 4289561, at *3 (D.D.C. Sept. 16, 2022) (quoting, among others, *Inst. for Just.*, 941 F.3d at 570). The Court should require that Plaintiff reasonably describe the records it seeks before the judicial system or the agency should be burdened with litigation.

---

[4] A search of this Court's docket reveals 14 discrete lawsuits brought by this Plaintiff, many (if not all) under FOIA.

## **CONCLUSION**

For the foregoing reasons, summary judgment should be granted in favor of Defendants.

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES, D.C. Bar #481052
                                  United States Attorney

                                  BRIAN P. HUDAK
                                  Chief, Civil Division

By: _____**/s/**_____
JEREMY S. SIMON, D.C. Bar No. 447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
jeremy.simon@usdoj.gov

13